IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERNESTOR ORTIZ,<br><br>                        Plaintiff,<br><br>v.<br><br>DR. NORWICKI, et al.,<br><br>                        Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:26-cv-83-TC<br><br>Judge Tena Campbell |

Plaintiff Ernestor Ortiz, who is a self-represented plaintiff, brings this civil rights action under 42 U.S.C. § 1983.[1]  The court has screened Mr. Ortiz's Complaint (ECF No. 1) under its statutory review function.  See 28 U.S.C. § 1915A.[2]  The court now orders Mr. Ortiz to file an

---

[1] The federal statute creating a "civil action for deprivation of rights" reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

Amended Complaint to cure the deficiencies of the Complaint if he wishes to further pursue his claims.

## I. COMPLAINT'S DEFICIENCIES

The court notes the following deficiencies and provides guidance below concerning specific issues.  The Complaint:

(1) does not differentiate between suing defendants in their individual or official capacities;

(2) improperly alleges civil rights violations on a respondeat superior theory;

(3) must be amended with an understanding of how sovereign immunity applies to states, state entities, and state employees;

(4) does not affirmatively link an individually named defendant to each element of each alleged civil rights violation;

(5) does not concisely link each element of claims of medical and physical mistreatment to separate, individually named defendant(s);

(6) does not specify how the Plaintiff's Fifth Amendment rights were violated;

(7) does not specify a basis for a discrimination claim regarding the alleged denial of the Plaintiff's medications;

(8) does not specify a basis for emergency medical relief;

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

2

(9) seeks that the Plaintiff's sentence be vacated, even though that remedy is only available in a habeas or post-conviction petition, see Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) (explaining that a habeas corpus proceeding "attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement," whereas a "civil rights action … attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions") (citation omitted));

(10) contains claims based on current confinement but does not appear to have been submitted using legal help, such as contract attorneys, to which Mr. Ortiz is constitutionally entitled by his institution, see Lewis v. Casey, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'adequate law libraries or adequate assistance from persons trained in the law' … to ensure that inmates … have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement" (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977))).

## II.  GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought …."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his

alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for [a] pro se litigant." Id. Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

### A. General Considerations

Mr. Ortiz should consider these general points before filing an amended complaint:

(1) The amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. See May v. Segovia, 929 F.3d 1223, 1229 (10th Cir. 2019) (stating that an amended complaint, as the operative complaint, supersedes the allegations in the original complaint). The amended complaint may not be added to after it is filed without moving for amendment. See Fed. R. Civ. P. 15(a)(2).

(2) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth the names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(3) The complaint must clearly state what each defendant—typically, a named government employee—did to violate Mr. Ortiz's civil rights. See Bennett v. Passic, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" Stone v. Albert, 338 F. App'x 757, 759 (10th Cir. 2009) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)). Mr.

4

Ortiz should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(4) Each cause of action, together with the facts and citations that directly support it, should be stated separately.  Mr. Ortiz should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.  Robbins, 519 F.3d at 1248 ("The [Bell Atlantic Corp. v.] Twombly Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007).  Given such a complaint, 'a defendant seeking to respond to plaintiffs' conclusory allegations … would have little idea where to begin.'  Id.").

(5) Mr. Ortiz may not name an individual as a defendant based solely on that individual's supervisory position.  See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).

(6) The bare denial of a grievance, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted).

(7) "No action shall be brought with respect to prison conditions under [Federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  But Mr. Ortiz need not include grievance details in his complaint.  Failure to exhaust administrative remedies is an affirmative defense that must be raised by the Defendants.  Jones v. Bock, 549 U.S. 199, 216 (2007).

**B. Respondeat Superior**

In asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own

5

individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Consequently, there is no respondeat superior liability under § 1983. See id.; Bd. of Cnty.

Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities may not be held liable on the sole

grounds of an employer-employee relationship with a claimed tortfeasor. See Monell v. Dep't of

Soc. Servs., 436 U.S. 658, 689 (1978). Supervisors are considered liable for their own

unconstitutional or illegal policies only, and not for employees' tortious acts. See Barney v.

Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998).

### C. Official Capacity vs. Individual Capacity

The United States Court of Appeals for the Tenth Circuit has explained the difference

between official-capacity suits and individual-capacity suits as follows:

> The Supreme Court has instructed that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25 (1991) (cleaned up). By contrast, individual-capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." Id.

Coates v. Reigenborn, Nos. 22-1339 & 22-1434, 2023 WL 6810961, at *3 (10th Cir. Oct. 16,

2023); see also Mocek v. City of Albuquerque, 813 F.3d 912, 932 (10th Cir. 2015) ("A suit

against a government agent in his official capacity is treated as a suit against the government."

(citation omitted)).

The distinction between suing a defendant in an official versus an individual capacity is

especially important in terms of how a plaintiff must allege causation. To adequately assert

causation against a defendant in an individual-capacity claim, the plaintiff must allege facts

showing that the defendant "set in motion a series of events that he knew or reasonably should

have known would cause others to deprive [the plaintiff] of her constitutional rights." Perry v.

Durborow, 892 F.3d 1116, 1122 (10th Cir. 2018) (quoting Keith v. Koerner, 843 F.3d 833, 847 (10th Cir. 2016)); see also Cox v. Glanz, 800 F.3d 1231, 1254 (10th Cir. 2015) ("When confronting individual-capacity § 1983 claims, our focus must always be on the defendant—on the injury he inflicted or caused to be inflicted, and on his motives." (quoting Porro v. Barnes, 624 F.3d 1322, 1327 (10th Cir. 2015))).  Conversely, to adequately assert causation against a defendant in an official-capacity claim, the plaintiff must first identify an official policy or custom, and then establish that the challenged policy or custom was the "'moving force' behind the injury alleged."  Brown, 520 U.S. at 404.

Finally, the Plaintiff should keep in mind that "it makes no sense to sue a governmental entity in its individual capacity."  Jackson-Mackay v. McDonald, No. 22-8033, 2023 WL 2544448, at *1 (10th Cir. Mar. 17, 2023).

**D.  Eleventh Amendment Immunity**

Under the Eleventh Amendment, sovereign immunity blocks actions for money damages against states, state agencies, and state officers in their official capacities.  See Tarrant Reg'l Water Dist. v. Sevenoaks, 545 F.3d 906, 911 (10th Cir. 2008); Couser v. Gay, 959 F.3d 1018, 1022 (10th Cir. 2020); see also Buck v. Utah Labor Comm'n, 73 F. App'x 345, 347 (10th Cir. 2003) (holding that the Eleventh Amendment shields the State of Utah and its employees acting in their official capacity from claims alleging violations of § 1983).  But an exception provides that "a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief."  Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir. 2012).

### E. Affirmative Link

A plaintiff who brings a constitutional claim under § 1983 cannot obtain relief without first satisfying the personal participation requirement:

> That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue.  [Vasquez v. Davis, 882 F.3d 1270, 1275 (10th Cir. 2018).]  Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013); see also Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants "it is particularly important … that the complaint make clear exactly who is alleged to have done what to whom"); Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532–33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

Est. of Roemer v. Johnson, 764 F. App'x 784, 790–91 (10th Cir. 2019) (footnote omitted).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." Id. at 790 n.5 (citations omitted).  Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous."  Id. (citations omitted).

### F. Inadequate Medical and Physical Treatment

The Eighth Amendment's ban on cruel and unusual punishment requires prison officials to "provide humane conditions of confinement" including "adequate … medical care."  Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)) (quoting Barney, 143 F.3d at 1310).  To state a cognizable claim under the Eighth Amendment for failure to provide proper medical care or physical treatment, "a prisoner must allege acts or omissions sufficiently harmful to evidence

8

deliberate indifference to serious medical [and physical] needs." Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Any Eighth Amendment claim must be evaluated under both objective and subjective prongs: 1) "Was the deprivation sufficiently serious?"; and, if so, 2) "Did the officials act with a sufficiently culpable state of mind?" Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Under the objective prong, a medical or physical need is "sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Sealock v. Colorado, 218 F.3d 1205, 1209 (2000) (quoting Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)).

The subjective component requires the plaintiff to show that prison officials were consciously aware that the prisoner faced a substantial risk of harm and wantonly disregarded the risk "by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "[T]he 'inadvertent failure to provide adequate medical care' tantamount to negligence does not satisfy the deliberate indifference standard." Sparks v. Singh, 690 F. App'x 598, 604 (10th Cir. 2017) (quoting Estelle, 429 U.S. at 105–06). Furthermore, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 811 (10th Cir. 1999) (citation omitted); see also Gee v. Pacheco, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation." (citation omitted)).

**ORDER**

IT IS HEREBY ORDERED as follows:

1.      Within **120 days**, Mr. Ortiz must cure the Complaint's deficiencies noted above by filing a document titled "Amended Complaint" that does not refer to or include any other document.

2.      The Clerk of Court shall mail Mr. Ortiz the Pro Se Litigant Guide with a blank-form civil rights complaint, which Mr. Ortiz must use to pursue an Amended Complaint.

3.      If Mr. Ortiz fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

4.      The Amended Complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Complaint, which was filed on February 2, 2026.  The court will not address any such new claims or outside allegations, which will be dismissed.  If Mr. Ortiz wishes to raise other claims and allegations, Mr. Ortiz may do so only in a new complaint in a new case.  If an Amended Complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

5.      Mr. Ortiz must tell the court of any address change and comply in a timely manner with court orders.  See D. Utah Civ. R. 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes.").  Failure to do so may result in this action's dismissal for failure to prosecute.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal

10

order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

6.  Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

7.  No direct communication is to take place with any judge.  All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk's Office.

8.  Mr. Ortiz must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

9.  The Plaintiff's motion for service of process (ECF No. 3) is DENIED.  When a plaintiff proceeds in forma pauperis (IFP), as here, a motion for service of process is not needed. The IFP statute directs: "The officers of the court shall issue and serve all process, and perform all duties in such cases."  28 U.S.C. § 1915(d).  The court triggers service of process on its own after screening an inmate complaint and determining that the complaint states a claim upon which relief may be granted.  Id. § 1915A.

DATED this 23rd day of July, 2026.

BY THE COURT:

Tena Campbell
United States District Judge